IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

05/12/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

BROS KONG,                                      )
                                                )
                Petitioner,                    )
                                                )
     v.                                        )     Case No. 26-3092-JWL
                                                )
MISTY MACKEY, Warden, Midwest Regional          )
     Detention Center;                         )
MARKWAYNE MULLIN, DHS Secretary;                )
TODD BLANCHE, Acting Attorney General; and      )
TODD LYONS, ICE Acting Director,                )
                                                )
                Respondents.                   )
                                                )
_____ )

## MEMORANDUM AND ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention by immigration officials.  Petitioner alleged that he is a native of Cambodia; that his removal was ordered in 2006 or 2007, after which he was released on an order of supervision; and that he was detained by immigration officials on February 5, 2026, and has been detained since that time within this judicial district.  Petitioner claimed that he is being detained pursuant to 8 U.S.C. § 1231(a); and that his detention more than six months after his removal order violates that statute under the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and violates due process.

On April 20, 2026, the Court issued a show-cause order to petitioner, in which the Court stated as follows:

The Court has ruled in numerous cases that the 90-day removal period and the six-month presumptively-reasonable period of detention established by the Supreme Court in *Zadvydas* restart when an alien is re-detained after previously having been released post-removal order. *See, e.g.*, *Liu v. Carter*, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) (citing cases). Thus, because petitioner's most recent detention began less than three months ago, any claim under *Zadvydas* and Section 1231(a) would fail. Moreover, petitioner has not cited any authority to support a claim that such a short detention for the purpose of removal violates due process.

In light of those issues, the Court required petitioner to explain, in a response filed with the Court, how his claims had merit.

Petitioner has now filed a response to the show-cause order. In that response, petitioner again argues that his detention more than six months after his removal order violates the statutory authority for his detention under the *Zadvydas* framework. Petitioner has not addressed the Court's holding to the contrary in previous cases (including *Liu*), however. Accordingly, the Court denies petitioner's statutory claim based on *Zadvydas*. Nor has petitioner offered any further support for his due process claim; the Court thus concludes that petitioner has not shown that his present detention for the purpose of his removal has because unreasonably indefinite in violation of the Fifth Amendment. The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

2

IT IS SO ORDERED.

Dated this 12th day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge